UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ESTRELLA VALENDO, | No. 2:16-cv-00221-JAM-CKD |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| STUART-LIPPMAN AND ASSOCIATES, INC., an Arizona Corporation; DOES 1-99, inclusive, | |
| Defendants. | |

After removing this case from state court based on federal question jurisdiction, Defendant Stuart-Lippman and Associates ("Defendant") now argues that Plaintiff Estrella Valendo ("Plaintiff") has failed to state a federal claim and that the Court lacks jurisdiction over the remaining state law claims. Motion to Dismiss (MTD) (Doc. #10) at 2. Plaintiff opposes Defendant's motion to dismiss (Doc. #12). For the reasons stated below, the Court denies Defendant's motion to dismiss.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 17, 2016.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the facts alleged by Plaintiff as true for purposes of this motion. Plaintiff is a seventy-one year old woman who lives in Rio Vista, California. First Amended Complaint ("FAC") (Doc. #8) ¶ 1. Plaintiff rented a house in Rio Vista from Nick and Susan Calvan ("the Calvans.") Id. ¶¶ 6, 30. The rental agreement stated: "Except as provided by law, or as authorized by the prior written consent of Landlord, Tenant will not make any repairs or alterations to the premises." Residential Lease, Clause 12, attached to FAC as Exh. E. While renting the Calvan's house, Plaintiff made "substantial improvements" to the property. Id. ¶ 25. The Calvans submitted a claim to their insurance company, Farmers Insurance/Fire Exchange ("Farmers"), alleging that the "improvements" Plaintiff made to the Calvan's property amounted to ameliorative waste. Id. ¶¶ 26, 30. The Calvans subrogated their rights and interests to Farmers. Id. ¶ 26. Farmers "retained the services of Defendant, a third party debt collector, to collect the debt in issue." Id.

On December 2, 2015, Defendant sent Plaintiff a letter seeking to recover a nearly $8,000.00 debt from Plaintiff. Id. ¶ 21. Defendant also attempted to call Plaintiff directly on January 13, 2016 even though Defendant knew Plaintiff was represented by counsel. Id. ¶ 27.

Plaintiff sued Defendant in February 2016, alleging three causes of action: (1) violation of the Rosenthal Fair Debt Collection Practices Act, (2) violation of the federal Fair Debt Collection Practices Act, (3) unfair trade and deceptive

practices in violation of California Business and Professions Code § 17200.  Id. at 6-12.

## II.   OPINION

Plaintiff brings one federal claim (her second cause of action): violation of the Fair Debt Collection Practices Act ("FDCPA"), codified at Title 15 U.S.C. § 1692.  Id. at 8. Plaintiff's first and third causes of action are California state law claims.  See id. at 6, 11.  Defendant substantively attacks only Plaintiff's FDCPA claim, arguing that Plaintiff fails to state a claim under the FDCPA.  MTD at 2.  Defendant further argues that if the Court dismisses Plaintiff's FDCPA claim, the Court should dismiss the remaining two claims for lack of independent jurisdiction.  Id. at 4.

### A.   Plaintiff's FDCPA Claim

The FDCPA is a federal law which was enacted to "protect consumers against debt collection abuses."  15 U.S.C. § 1692(e). "Not all obligations to pay are considered debts under the FDCPA."  Turner v. Cook, 362 F.3d 1219, 1226-27 (9th Cir. 2004). Thus, a "threshold issue in a suit brought under the [FDCPA] is whether or not the dispute involves a 'debt' within the meaning of the statute."  Id.  A "debt" under the FDCPA is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  The FDCPA "does not define 'transaction,' but the consensus judicial interpretation is . . . that the

3

statute is limited in its reach 'to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services.'" Turner, 362 F.3d at 1227 (quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997)).

Defendant argues that Plaintiff's obligation to pay Defendant is not covered by the FDCPA for two reasons. First, Defendant argues that Plaintiff's debt is not a "consumer debt" because it arises from Plaintiff's tort of waste, rather than from a first party contractual claim. MTD at 2. Second, Defendant argues that "Defendant is not a 'debt collector' under the FDCPA because the subrogation claim was not in default when the Defendant obtained it." Id. at 12.

1. Whether the Debt At Issue Is A "Consumer Debt"

California Code of Civil Procedure § 372 allows "any person aggrieved by the waste" to bring a civil cause of action against a tenant who commits waste on real property. Cal. Civ. Proc. Code. § 372. This statute makes committing waste a tort. "[A] tort judgment [is] not a debt within the meaning of the FDCPA." Van Zandt v. Stanaland, 520 Fed. App'x 493, 493 (9th Cir. 2013).

Defendant argues that Plaintiff's debt is not a debt covered by the FDCPA because the debt "arose out of the tortious act of the Plaintiff which caused damage to [the Calvans'] property." MTD at 4. Plaintiff argues that her debt arises out of a contractual agreement and not a tort judgment, and that therefore her debt is not excluded from FDCPA coverage. Opp. at 6.

///

4

1        Plaintiff's reasoning is correct.  While the Calvans could
2   have sued Plaintiff under section 372 to recover the cost of
3   Plaintiff's ameliorative waste, they also could have sued
4   Plaintiff for breach of the Residential Lease, which states that
5   Plaintiff could not make changes to the property without the
6   Calvans' consent.  Plaintiff's debt does not sound solely in
7   tort, as Defendant argues.  Thus, Defendant's argument that
8   Plaintiff's FDCPA claim must be dismissed because it arises only
9   under tort law is without merit.
10            2.   <u>Whether Defendant Is A "Debt Collector"</u>
11       The FDCPA states that the term "debt collector" does not
12   include "any person collecting or attempting to collect any debt
13   owed or due . . . to the extent such activity . . . concerns a
14   debt which was not in default at the time it was obtained by such
15   person."  15 U.S.C. § 1692a(6)(F).
16        Defendant argues that Plaintiff's claim is not in default,
17   and therefore Defendant cannot be considered a "debt collector"
18   under the FDCPA.  MTD at 13.  Plaintiff responds that a letter
19   sent from Defendant to Plaintiff in December 2015 "unequivocally
20   establishes that Defendant is a debt collector . . . and that the
21   debt was in default."  Opp. at 9.  The letter Plaintiff refers to
22   states that "[t]his is an attempt to collect a claim . . . [t]his
23   communication is from a professional debt collector."  Exh. C to
24   FAC.  Defendant does not address the Plaintiff's argument that
25   the letter explicitly indicates that Defendant is a debt
26   collector.  Accepting the contents of the letter (which is
27   attached to the FAC) as true, Defendant is a debt collector to
28   which the FDCPA applies.  Because Plaintiff has sufficiently

alleged that her debt is a "consumer debt" and that Defendant is a "debt collector," Defendant's motion to dismiss Plaintiff's FDCPA claim is denied.

B.  <u>Plaintiff's First and Third Causes of Action</u>

Defendant's only argument that the first and third causes of action should be dismissed is that they are state law claims that the Court does not have jurisdiction over once the FDCPA claim is dismissed.  MTD at 2.  Since Defendant's motion to dismiss the FDCPA claim is denied, the Court also declines to dismiss Plaintiff's first and third causes of action.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss. Defendant shall file its Answer to the Complaint within twenty days of the date of this Order.

IT IS SO ORDERED.

Dated: June 8, 2016

*/s/ John A. Mendez*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE